IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| nTECH SOLUTIONS, INC, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No.: 1:21-cv-00673-JMC |
| META DIMENSIONS, INC., et al, | | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defense Counsels' (Mr. Bhattacharya and Schulman Bhattacharya, LLC) Motion to Withdraw Appearance. (ECF No. 46). The Motion requests that the Court give leave for Defense Counsel to withdraw from representation of Defendants Meta Dimensions, Inc., Shipli Goel, and Amit Prakash. Plaintiff has not presented any opposition to this Motion, nor have the individual Defendants responded. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Defense Counsels' Motion is hereby GRANTED.

When counsel wishes to withdraw its appearance in the case of an individual, such as Defendants Shipli Goel and Amit Prakash, counsel must adhere to Local Rule 101.2(a).[1] Accordingly, Defense Counsel has filed a certificate stating Defendants' last known address. (ECF No. 46 pp. 3–4). Additionally, Defense Counsel provided Defendants with written notice on August 12, 2022 that Defense Counsel intended to withdraw and that Defendants should either

---

[1] In the case of an individual, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is permitted, the Clerk shall notify the party that the party will be deemed to be proceeding without counsel unless and until new counsel enters an appearance on behalf of the party. Loc. R. 101.2(a) (D. Md. 2021).

obtain new counsel or notify the Clerk that Defendants intend to proceed *pro se*. (ECF No. 46-1). Therefore, Defense Counsel has complied with Local Rule 101.2(a), and Defense Counsel is given leave to withdraw its appearance on behalf of Defendants Shipli Goel and Amit Prakash.

When counsel wishes to withdraw its appearance for a party other than an individual, such as Defendant Meta Dimensions, Inc., counsel must adhere to Local Rule 101.2(b).[2] Accordingly, Defense Counsel has filed a certificate stating Defendant's last known address. (ECF No. 46 pp. 3–4). Additionally, Defense Counsel provided Defendant with written notice of August 12, 2022 that Defense Counsel intended to withdraw and that Defendant may be subject to default judgement if Defendant fails to obtain new counsel. (ECF No. 46-1). Therefore, Defense Counsel has complied with Local Rule 101.2(b), and Defense Counsel is given leave to withdraw its appearance on behalf of Defendant Meta Dimensions, Inc.

Accordingly, it is this 16th day of September 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Withdraw Appearance (ECF No. 46) IS GRANTED;
2. The Clerk SHALL MAIL a copy of this Order to Defendants;
3. The Clerk SHALL NOTIFY Defendants Shipli Goel and Amit Prakash that they will be deemed to be proceeding without counsel unless and until new counsel enters an appearance on their behalf; and

---

[2] In the case of any party other than an individual, including corporations, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it. In the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it. Loc. R. 101.2(b) (D. Md. 2021).

4. Defendant Meta Dimensions, Inc. shall obtain new counsel by October 3, 2022 or potentially face default judgement.

Date: September 16, 2022

/s/
J. Mark Coulson
United States Magistrate Judge