IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| nTECH SOLUTIONS, INC. <br> T/A nTECH WORKFORCE, <br><br> *Plaintiff*, <br><br> v. <br><br> META DIMENSIONS, INC., ET AL, <br><br> *Defendants.* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br> Civil Case No: 1:21-cv-00673-JMC |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff nTech Solutions, Inc. filed this breach of contract action on March 17, 2021, against Defendants Amit Prakash, Shilpi Goel, and Meta Dimensions, Inc. ("Defendant Meta"). (ECF No. 1). Plaintiff's Complaint contains six counts: (1) Breach of Contract (the Bill of Sale) against all Defendants, (2) Breach of Contract (the Escrow Agreement) against Defendant Meta and an escrow agent,[1] (3) Unjust Enrichment (in the alternative) against all Defendants, (4) Fraud (Intentional Misrepresentation – Concealment) against all Defendants, (5) Fraud (Intentional Misrepresentation) against all Defendants, and (6) Declaratory Judgment against Defendant Meta and an escrow agent. (ECF No. 1 at pp. 7–16).[2] On October 19, 2021, District Court Judge Russell referred this case to the undersigned for all further proceedings. (ECF No. 31). Presently before

---

[1] The escrow agent was a named party—Talati and Patel, PLLC—but a stipulation of dismissal removed this entity from the case on July 12, 2021. (ECF No. 23 & 24).

[2] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

the Court is Plaintiff's Motion for Summary Judgment Against All Defendants (ECF No. 52)[3] and Plaintiff's Motion for Default Judgment Against Defendant Meta Dimensions, Inc. (ECF No. 53). The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Plaintiff's Motion for Summary Judgment is GRANTED in part, DENIED in part,[4] and DENIED as moot in part[5]. Furthermore, Plaintiff's Motion for Default Judgment Against Defendant Meta Dimensions, Inc. is GRANTED.

## I.   BACKGROUND

### A. History of Default

Before addressing the underlying allegations of Plaintiff's case, the Court will briefly address the procedural history of this case prior to Judge Russell's referral to the undersigned. On June 17, 2021, Judge Russell entered an Order Granting Judgment by Default Against Defendants Meta Dimensions, Inc., Shilpi Goel, and Amit Prakash (ECF No. 18). In that Order, Judge Russell determined that Defendants were served with the summons and Complaint on March 17, 2021. *Id.* at p. 1. Despite Plaintiff properly effecting service on Defendants, all Defendants failed to timely file an answer. *Id.* Judge Russell found that Plaintiff's claim is for a sum certain or for a sum that can be made certain by computation. *Id.* at p. 2. Therefore, Judge Russell entered Judgment against all Defendants in the amount of One Hundred Fifty-Three Thousand Sixty-Seven Dollars

---

[3] In its Motion, Plaintiff argues for summary judgment against all Defendants regarding Count I (Breach of Contract) and Count IV (Fraudulent Concealment). *See* (ECF No. 54 at pp. 9–14). Therefore, the Court will not consider Counts II, III, V, or VI in determining whether Plaintiff is entitled to summary judgment. However, regarding Count III, the Court recognizes that in Maryland, quasi-contract claims are only available when an express contract does not exist between the parties. *Miller v. U.S. Foodservice, Inc.*, 361 F. Supp. 2d 470, 484 (2005) (citation omitted). As explained below, the existence of a contract is unquestioned in this case.

[4] To the extent Plaintiff's Motion for Summary Judgment (ECF No. 52) is denied, Plaintiff is not precluded from pursuing any remedies with this Court that it believes are appropriate considering the two individual Defendants' failures to defend.

[5] Because the Court determines that Plaintiff's Motion for Default Judgment against Defendant Meta (ECF No. 53) shall be GRANTED, Plaintiff's Motion for Summary Judgment is moot regarding Defendant Meta.

and Fifty Cents ($153,067.50), plus costs of this action. *Id.* However, on September 21, 2021, Judge Russell vacated the default judgment against Defendants.[6] (ECF No. 26).

### B. Facts Underlying Plaintiffs Claim

Plaintiff wished to become a tier 1 service provider for Century/Tel Service Group, LLC ("CenturyTel"), and it wished to become a service provider and vendor for Digital Intelligence Systems, LLC ("DiSys"). (ECF No. 54-1, Ex. 1 at p. 1).[7] Defendant Meta was a party to a tier 1 contract with CenturyTel (the "CenturyTel Contract"), and Defendant Meta also had a contract with DiSys (the "Disys Contract"). *Id.* Knowing about these contracts, Plaintiff's President, Surajit Sengupta, contacted Defendant Prakash believing that Defendant Prakash was the sole shareholder of Defendant Meta. *Id.*

Mr. Sengupta and Defendant Prakash began discussing Plaintiff's acquisition of the CenturyTel Contract and the DiSys Contract. *Id.* at p. 2. On October 20, 2020, Defendant Meta and Plaintiff executed *a Bill of Sale, Assignment of Contract Rights, and Assignment and Assumption Agreement* (the "Bill of Sale"). *Id.*; (ECF No. 1 at p. 4 ¶ 20); (ECF No. 27 at p. 3 ¶ 20). Mr. Sengupta executed the Bill of Sale on behalf of Plaintiff, and Defendant Goel executed the Bill of Sale individually and on behalf of Defendant Meta. (ECF No. 54-1, Ex. 1 at p. 2). Pursuant to the Bill of Sale, Defendant Meta agreed to sell Plaintiff "all of [Defendant Meta's] right, title and interest in and to the contracts described in and to the contracts . . . free and clear of any encumbrances or rights of others . . . ," for a total purchase price of One Hundred Forty-Two Thousand Dollars ($142,000.00) (the "purchase price"). (ECF No. 54-2 at § 1); (ECF No. 1 at p.

---

[6] Judge Russell issued an order (ECF No. 26) on September 21, 2021, vacating his prior order of default judgment (ECF No. 18). However, Judge Russell did not provide an explanation for his decision.

[7] Exhibit 1 to Plaintiff's Memorandum of Law in Support of Motions (ECF No. 54) is an affidavit from the President and co-founder of Plaintiff, Surajit Sengupta. (ECF No. 54-1, Ex. 1 at p. 1).

4 ¶ 21); (ECF No. 27 at p. 3 ¶ 21).  The Bill of Sale provided, "Each of the Seller's and shareholders' representations and warranties shall be accurate as of the Closing."  (ECF No. 54-2 at § 8.a).  Relevant to the case *sub judice*, Defendant Meta and Goel expressly warranted that both at signing of the Bill of Sale and its closings:

1. The CenturyTel Contract and the DiSys Contract were and would be "in full force and effect and . . . valid and enforceable in accordance with its terms;

2. The CenturyTel Contract and the DiSys Contract were and would be "assignable by [Defendant Meta to Plaintiff] without the consent of any other Person . . .";

3. No event has occurred or circumstance exists that (with or without notice or lapse of time) may contravene, conflict with or result in a breach of, or give Defendant Meta or any other person or entity the right to declare a default or exercise any remedy under, or to accelerate the maturity or performance of, or payment under, or to cancel, terminate or modify, any Contract that is being assigned to or assumed by Plaintiff pursuant to this Agreement; and

4. Defendant Meta has not given to or received from any other person or entity any notice or other communication (whether oral or written) regarding any actual, alleged, possible or potential violation or breach of, or default under, any Contract which is being assigned to or assumed by Plaintiff.

*See id.* at §§ 5.a, 5.b, 5.e, 5.f.  Furthermore, Plaintiff never received anything from Defendant Meta in return for the money that Plaintiff paid for the CenturyTel portion of the purchase price.  *See* (ECF No. 54-1 at p. 2).

The Bill of Sale contemplated that the closing of the transaction might occur in two phases: (1) when the conditions of closing with respect to the CenturyTel Contract were satisfied, and (2) when the conditions of closing with respect to the DiSys Contract were satisfied.  (ECF No. 54-2, § 1.A).  The Bill of Sale provided that Defendant Meta and its shareholders would be held "jointly

and severally" liable to Plaintiff for damages arising out of any breach of the Bill of Sale committed by Defendant Meta.  *See* (ECF No. 54-2, at p. 5, § 6.b).[8]

Following the execution of the Bill of Sale, Defendant Meta and Plaintiff entered into an escrow agreement, and Plaintiff then transferred the purchase price to the escrow agent.  (ECF No. 54-1 at p. 2).  On December 17, 2020, after repeated requests from Defendant Prakash and Defendant Meta[9], Mr. Sengupta,[10] while present in Maryland, instructed the escrow agent to disburse to Defendant Meta the portion of the purchase price designated for the CenturyTel portion of the Bill of Sale: $99,400.00.  *Id.* at p. 2.  Unbeknownst to Mr. Sengupta or anyone else working for Plaintiff at the time Mr. Sengupta authorized the disbursement, CenturyTel had already terminated the CenturyTel Contract due to a prior breach of that contract by Defendant Meta.  *Id.*  Plaintiff did not learn of the termination of the CenturyTel Contract until early January 2021.  *Id.*  Plaintiff learned of Defendant Meta's breach of the CenturyTel Contract when CenturyTel informed Plaintiff that Plaintiff would not be a tier 1 vendor.  *Id.*  Subsequently, Plaintiff learned that Defendant Meta also had breached the DiSys Contract, so Plaintiff never authorized the release of the purchase price designated for the DiSys portion of the Bill of Sale.[11]  *Id.*

---

[8] To support its assertion that "The Bill of Sale . . . expressly provided that [Defendant Meta] and its shareholders were jointly and severally liable to [Plaintiff] for any breaches of the Bill of Sale by [Defendant Meta,]" Plaintiff mistakenly cites to § 8.a of the Bill of Sale.  (ECF No. 54 at p. 2, n. 2).

[9] Mr. Sengupta's Affidavit does not make clear whether Defendant Prakash was requesting the disbursement on behalf of himself or on behalf of Defendant Meta.  Regardless, the Court's analysis does not change.

[10] Mr. Sengupta's Affidavit expressly states, "I . . . instructed the Escrow Agent to disburse to [Defendant Meta] the Century Tel Purchase Price ($99,400.00)."  (ECF No. 54-1, Ex. 1 at p. 2).  Although Plaintiff's Memorandum provides that Plaintiff authorized the disbursement, the Court can reasonably presume that, just as Mr. Sengupta executed the Bill of Sale on Behalf of Plaintiff, Mr. Sengupta authorized the disbursement on behalf of Plaintiff.

[11] Plaintiff's Counts II and VI concern the escrow agreement and the $42,600.00 which remained therein until after Plaintiff filed suit.  (ECF No. 54-1, Ex. 1 at p. 2).  The escrow agent has returned the $42,600.00 to Plaintiff.  (ECF No. 54 at p. 3).  Plaintiff does not argue for summary judgment for Counts II or VI, and the Court understands them to be moot.

**C. Facts Deemed Admitted Due to Defendants' Failures to Respond to Requests for Discovery.**

When a party serves on an opposing party Requests for Admission under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). On September 9, 2022, Plaintiff served each Defendant with Plaintiff's First Requests for Admission (ECF No. 54-3). Defendants have failed to file timely respond to Plaintiff's Requests for Admission, so the matters as to which admission were requested are deemed admitted. Therefore, the following will be treated as admitted facts before this Court:

1. Defendant Meta knew that Plaintiff wanted to become a Tier I vendor for CenturyTel (Request No. 1);

2. Prior to the CenturyTel Closing, CenturyTel terminated the CenturyTel Contract (Request No. 3);

3. Defendant Meta and either or both Defendants Prakash and Goel knew that CenturyTel had terminated the CenturyTel Contract when it did so (Request No. 4);

4. Neither Plaintiff nor any agent of Plaintiff knew, when it authorized the release of Escrow Funds to Defendant Meta, that CenturyTel had cancelled the CenturyTel Contract (Request No. 5);

5. Plaintiff was relying on the existence of a valid, binding, enforceable, assignable contract between Defendant Meta and CenturyTel when Plaintiff authorized the release of Escrow Funds to Defendant Meta (Request No. 6);

6. Defendant Meta and either of both Defendants Prakash and Goel knew that Plaintiff was relying on the existence of a valid, binding, enforceable, assignable contract between Defendant Meta and CenturyTel when Plaintiff authorized the release of Escrow Funds to Defendant Meta (Request No. 7);

7. DiSys terminated the DiSys Contract prior to the Closing (Request No. 8);

8. Defendant Goel signed the Bill of Sale on behalf of Defendant Meta (Request No. 9);

6

9. Neither the CenturyTel Contract nor the DiSys Contract was "in full force and effect and valid and enforceable in accordance with its terms" at closing (Request Nos. 10 & 11);

10. Neither the CenturyTel Contract nor the DiSys Contract was assignable without the consent of the counterparty to such contract (Request Nos. 12 & 13);

11. Defendants had breached the CenturyTel Contract and the DiSys Contract by the closing (Requests No. 14 & 15);

12. By the closings, CenturyTel and DiSys had the right to terminate their respective contracts (Request No. 16 & 17).

*See* (ECF No. 54-3 at pp. 3–5).

## II.   STANDARD OF REVIEW

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can make such a showing by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Therefore, if there are factual issues "that properly can be resolved only by a finder of fact because [those issues] may reasonably be resolved in favor of either party[,]" then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

"When ruling on a motion for summary judgment, the [C]ourt must construe the facts alleged in the light most favorable to the party opposing the motion." *U.S. ex rel. James Commc'n,*

*Inc. v. LACO Elec., Inc.*, No. DKC 14-0946, 2015 WL 1460131, at *2 (D. Md. Mar. 27, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008)).  A party bearing the burden of proof on a particular claim must factually support each element of his or her claim.  *Celotex Corp.*, 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.*

"Where, as here, the nonmoving party fails to respond, the [C]ourt may not automatically grant the requested relief."  *LACO Elec. Inc.*, 2015 WL 1460131, at *2 (citing Fed. R. Civ. P. 56(e)(2)).  Rather, the Court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

### B. Choice of Law

"Federal courts sitting in diversity apply the conflict of law rules prevailing in the states in which they sit."  *Havtech, LLC v. AAON Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022) (citing *Klaxon Co. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Regarding contract cases, "[w]ith limited exceptions, Maryland courts have 'long recognized the ability of contracting parties to specify in their contact that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract, and thereby trump the conflict of law rules . . . .'" *Havtech*, 2022 WL 1213476, at *4 (quoting *Jackson v. Pasadena Receivables, Inc.*, 398 Md. 611, 617 (2007)). Regarding tort claims, "Maryland adheres to the *lex loci delicti* rule in analyzing choice of law problems with respect to causes of action sounding in torts." *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000) (other citations omitted).  Under this rule, "the substantive tort law of the state where the wrong occurs governs." *Haunch v. Connor*, 295 Md. 120, 123 (1983).  "Where the events giving rise to a tort action occur in more

than one state, courts must apply the law of the state where the last event required to constitute the tort occurred." *Chubb & Son v. C Complete Services, LLC*, 919 F. Supp. 2d 666, 674 (D. Md. 2013).

The Bill of Sale provides for the application of Maryland Law. *See* (ECF No. 54-2, Ex. 2 at § 9.b & 9.h).[12] Furthermore, Plaintiff, a Maryland corporation, was located in Maryland when it relied on Defendant Prakash's affirmative representations and permitted the disbursement of escrow funds. (ECF No. 54 at p. 9). Therefore, Maryland law governs Plaintiff's claims.[13]

### C. Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Rule 55 of the Federal rules of Civil Procedure establishes a two-step process for obtaining a default judgment." *ME2 Prods., Inc. v. Ahmed*, 289 F. Supp. 3d 760, 762 (W.D. Va. 2018) (other citation omitted). First, "the [C]lerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, a party may move the Court for default judgment under Rule 55(b). "A defendant who defaults during litigation 'is deemed to have admitted all well-pleaded allegations of fact contained in the complaint.'" *Sines v. Kessler*, No. 3:17-cv-00072, 2021 WL 2309968, *4 (W.D. Va. Jun. 7, 2021) (quoting *J&J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 137 (2d Cir.

---

[12] "This Agreement will be governed by and construed under the laws of the State of Maryland without regard to conflicts-of-laws principles that would require the application of any other law." *Id.* at § 9(h).

[13] Even if there is a lack of clarity regarding what constitutes the last event required for the tort of fraudulent concealment—reasonable reliance or damages—Plaintiff relies exclusively on Maryland law to support its respective arguments. Therefore, the Court will follow suit and apply Maryland law. *See Chubbs & Son*, 919 F. Supp. 2d at 673 (applying Maryland law despite confusion regarding where fraud occurred because the parties relied primarily on Maryland law in supporting their arguments).

2011) (discussing default by failing to otherwise defend after answering the complaint). "Because the defendant is not held to admit legal conclusions drawn from those facts, however, 'default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" *Sines*, 2021 WL 2309968, at *4 (quoting *Ryan*, 253 F.3d at 780) (other citations omitted). Therefore, "before entering default judgment, the court must find that the facts alleged in the complaint show the plaintiff is entitled to the relief sought therein, F[ed]. R. Civ. P. 8(a), 54(c)." *Sines*, 2021 WL 2309968, at *4 (other citations omitted).

"Entry of default judgment is left to the discretion of the court." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (other citation omitted). Although the Fourth Circuit has a strong policy that cases be decided on their merits, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* (other citations omitted); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917–18 (3d. Cir. 1992) (entry of default under rule 55(a) was proper where corporate defendant "filed an answer and actively litigated during pretrial discovery," but later failed to comply with court order directing it to retain counsel and appear at trial).

III.  ANALYSIS

    A. Plaintiff's Motion for Summary Judgment

        1. Count I – Breach of Contract (The Bill of Sale) Against All Defendants

Plaintiff is entitled to summary judgment against Defendant Goel regarding Count I. "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Jaguar Land Rover N. Am., LLC. v. Manhattan Imported Cars, Inc.*, 738 F. Supp. 2d 640, 649 (D. Md. 2010) (citing *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001)).

Defendant Goel owed Plaintiff a contractual obligation pursuant to the Bill of Sale. Defendant Goel, individually and on behalf of Defendant Meta, executed the Bill of sale with Plaintiff. However, there is no indication that Mr. Prakash was involved in the execution of the Bill of Sale, i.e., Defendant Prakash's signature does not appear in the Bill of Sale. Only three signatures appear in the Bill of Sale: (1) Mr. Sengupta's on behalf of Plaintiff, (2) Defendant Goel's as sole shareholder of Defendant Meta, and (3) Defendant Goel's on behalf of Defendant Meta. (ECF No. 54-2 at p. 12). Plaintiff's sole argument regarding Defendant Prakash owing Plaintiff a contractual obligation is that Defendant Prakash is "liable for the breaches of the Bill of Sale as a shareholder of Meta." (ECF No. 54 at p. 11). This assertion is immediately followed by a footnote expressly conceding that Plaintiff has no proof of Defendant Prakash's status as a shareholder of Defendant Meta. *Id.* at p. 11, n.9. Regardless of the reason why Plaintiff has been unable to obtain such affirmative proof, Plaintiff is not excused from its burden of proving the elements of its claims. Therefore, in considering this case through the constraints of a motion for summary judgment, the Court must conclude at this time that while Defendant Goel owed a contractual obligation to Plaintiff, Defendant Prakash did not.

As Plaintiff argues without any opposition, the four express warranties delineated above were not true at closing. Furthermore, Plaintiff never received the benefit of its bargain under the Bill of Sale, i.e., it is not a tier 1 service provider for CenturyTel, nor is it a service provider and vendor for DiSys. The Bill of Sale was signed by Defendant Goel individually and on behalf of Defendant Meta. Therefore, Defendant Goel has breached the Bill of Sale.

Therefore, as to Count I, Plaintiff's Motion for Summary Judgment is GRANTED as to Defendant Goel, DENIED as to Defendant Prakash, and DENIED as moot as to Defendant Meta given the Court's ruling below regarding Defendant Meta's default.

2. **Count IV – Fraud (Intentional Misrepresentation – Concealment) Against All Defendants**

Plaintiff is not entitled to summary judgment on Count IV. "Concealment or deceit, sometimes referred to as non-disclosure, is that branch of misrepresentation which involves concealment of material facts with intent to deceive." Paul Mark Sandler & James K. Archibald, Pleadings Causes of Action in Maryland § 3.93 (6th ed. 2018) (citing *Gross v. Sussex, Inc.*, 332 Md. 247 (1993); *Finch v. Hughes Aircraft Co.*, 57 Md. App. 190 (1984)). This tort consists of the following five elements:

(1) Defendant owed a duty to plaintiff to disclose a material fact;

(2) Defendant failed to disclose that fact;

(3) Defendant intended to defraud or deceive plaintiff;

(4) Justifiably relying on the concealment, plaintiff takes action; and

(5) Plaintiff suffers damages from defendant's concealment.

*Lubore v. RPM Assocs., Inc.* 109 Md. App. 312, 328 (1996) (other citations omitted).

The Court need only address the third element—intent— to deny summary judgment. First, Plaintiff has offered no evidence regarding any actions by Defendant Goel which demonstrate the requisite intent to deceive. Furthermore, Plaintiff argues that "the circumstances make [Defendants'] intent plain." (ECF No. 54 at p. 13). Regardless of how Plaintiff views the circumstances that it believes indicate Defendants' intent, the Court is mindful that "[i]ssues of fraud and intent to deceive present questions of fact particularly inappropriate for resolution on a

motion for summary judgment."[14] *Tenax Corp. v. Tensar Corp.*, 743 F. Supp. 1204, 1211 (1990) (other citation omitted).

Therefore, as to Count IV, Plaintiff's Motion for Summary Judgment is Denied.

### B.  Plaintiff's Motion for Default Judgment Against Defendant Meta

The Court shall enter default judgment against Defendant Meta as to Counts I, IV, and V.[15] Before addressing the circumstances leading to this conclusion, the Court will address Local Rule 101.2(b).  Under Local Rule 101.2(b), corporate parties must have new counsel enter an appearance within thirty (30) days of counsel's filing of its motion to withdraw.  Unlike individual parties, corporate entities cannot appear *pro se*.  *Compare* Loc. R. 101.2(a) *with* 101.2(b).

On September 1, 2021, counsel for Defendants motioned this Court to withdraw as Defendants' attorney.  (ECF No. 46).  On September 9, 2022, Plaintiff properly served discovery requests on Defendant Meta.  On  September 16, 2022, this Court issued a memorandum opinion and order granting prior defense counsel's motion to withdraw.  (ECF No. 47).  In that order, while recognizing that prior defense counsel properly followed the procedures set forth in Loc. R. 101.2(b), the Court provided Defendant Meta with adequate notice of the potential repercussions

---

[14] The Court also notes that questions of justifiable reliance are questions of fact appropriate for a jury, and Plaintiff points to no authority concluding otherwise.  Furthermore, it appears that Plaintiff concedes Defendants were not subject to a duty to disclose based on either a confidential or fiduciary relationship.  Without evidence indicating a deeper relationship than an otherwise arms-length transaction, such a concession is appropriate.  *See Brass Metal Prods., Inc. v. E-J Enters., Inc.* 189 Md. App. 310 (2009) (citing approvingly *Williams v. Dresser Indus., Inc.*, 120 F.3d 1163, 1168 (11th Cir. 1997) ("[g]enerally, business relationships are not confidential relationships."): *GMC v. Bell*, 714 So.2d 268, 280 (Ala. 1996) (where businesses are engaged in an "arm's length" transaction, a confidential relationship does not exist)).  Plaintiff relies on *Lubore*, in which the Court of Special Appeals of Maryland—considering a state court ruling on a motion to dismiss—stated, "One who conceals facts that materially qualify affirmative representations may be liable for fraud." *Lubore*, 109 Md. App. at 330.  However, Plaintiff cites no other authority, and the facts of the case *sub judice* are distinguishable from those in *Lubore*.  *See id.* at 331 (employers entering an employment agreement with plaintiff provided plaintiff with "a partial or fragmentary representation" *before or when* the contract was executed).

[15] In its filings, Plaintiff never specifies as to which Counts it is seeking default judgment.  However, as previously determined, the existence the Bill of Sale defeats Count III, and Counts II and VI appear moot.  *Supra*, n. 3 & 11.  Therefore, default judgment is appropriate regarding only Counts I, IV, and V.

Defendant Meta faced if it failed to obtain new counsel.  On October 14, 2022, the Court issued an order directing Plaintiff to file and serve by mail on Defendant Meta a motion for entry of default by the Clerk and a motion for default judgment.  (ECF No. 51).  On October 24, 2022, Plaintiff filed its Motion for Default Judgment Against Defendant Meta (ECF No. 53). Subsequently, on October 31, 2022, Plaintiff filed a motion for Clerk's entry of default (ECF No. 57), and the Clerk entered default against Defendant Meta on November 16, 2022.  (ECF No. 58). After entering default, the Clerk sent Defendant Meta a Notice of Default providing it with thirty (30) days to file a motion to vacate the entry of default.  (ECF No. 59).  Defendant Meta has not responded to the Clerk's Notice of Default, nor has it responded to either of Plaintiff's pending Motions.

Defendant Meta has failed to obtain new counsel in accordance with this Court's local rules, failed to respond to the Clerk's Notice of Default, and failed to respond to the pending Motions.  Defendant Meta has also failed to respond to properly served requests for discovery. Defendant Meta's unresponsiveness is halting the adversary process.  In its brief for its pending Motions, Plaintiff requests $99,400.00, plus the costs of this action.[16]  Previously, Judge Russell considered a motion for default judgment (ECF No. 17) against all Defendants, and he granted that motion on June 17, 2021.  (ECF No. 18).  In granting that previous motion, Judge Russell would have considered the underlying allegations of the Complaint and found that Plaintiff sufficiently plead its claims.  The undesigned agrees.  Furthermore, "Plaintiff's claim is for a sum certain, or for a sum that can be made certain by computation."  (ECF No. 18 at p. 2).

---

[16] In their previous motion for default judgment granted by Judge Russell, Plaintiff sought contract damages in the amount of $142,000.00.  (ECF No. 17-3, Ex. 3 at p. 1).  Since the inception of this case, Plaintiff has recovered the $42,600.00 designated for the DiSys portion of the Bill of Sale, thereby decreasing Plaintiff's damages request to $99,400.00.  (ECF No. 54 at p. 14; ECF No. 53 at p. 2).

Therefore, as to Counts I, IV, and V, the Court will GRANT Plaintiff's Motion for Default Judgment as to Defendant Meta.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment Against all Defendants (ECF No. 52) is GRANTED in part, DENIED in part, and DENIED as moot in part. Plaintiff's Motion for Default Judgment Against Defendant Meta (ECF No. 53) is GRANTED. A separate order follows.

Date: <u>January 20, 2023</u>                              /s/
                                                                  J. Mark Coulson
                                                                  United States Magistrate Judge