IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| nTECH SOLUTIONS, INC. <br> T/A nTECH WORKFORCE, <br><br> *Plaintiff*, <br><br> v. <br><br> META DIMENSIONS, INC., ET AL, <br><br> *Defendants.* | * <br> * <br> * <br> * <br> * <br> *    Civil Case No: 1:21-cv-00673-JMC <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff nTech Solutions, Inc. filed this breach of contract action on March 17, 2021, against Defendants Amit Prakash, Shilpi Goel, and Meta Dimensions, Inc. ("Defendant Meta"). (ECF No. 1). Plaintiff's Complaint contained six counts: (1) Breach of Contract (the Bill of Sale) against all Defendants, (2) Breach of Contract (the Escrow Agreement) against Defendant Meta and an escrow agent, (3) Unjust Enrichment (in the alternative) against all Defendants, (4) Fraud (Intentional Misrepresentation – Concealment) against all Defendants, (5) Fraud (Intentional Misrepresentation) against all Defendants, and (6) Declaratory Judgment against Defendant Meta and an escrow agent. (ECF No. 1 at pp. 7–16).[1] On October 19, 2021, District Court Judge Russell referred this case to the undersigned for all further proceedings. (ECF No. 31). Presently before the Court is Plaintiff's Motion for Discovery Sanctions and Partial Summary Judgment (ECF No. 72).[2] Defendants have failed to respond to the Motion and it is therefore unopposed. The Court

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

[2] Although labeled in the electronic filing system as a Motion to Appoint Receiver, Plaintiff makes no argument of the sort in its Motion and the Court therefore declines to address the Motion as including a Motion to Appoint Receiver.

finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Plaintiff's Motion is GRANTED.

I. BACKGROUND

A. **Facts Underlying Plaintiff's Claim**

Plaintiff wished to become a tier 1 service provider for Century/Tel Service Group, LLC ("CenturyTel") and a service provider and vendor for Digital Intelligence Systems, LLC ("DiSys"). (ECF No. 72-2 at p. 1). Meta was a party to an existing tier 1 contract with CenturyTel ("CenturyTel Contract") and already had a contract with DiSys ("DiSys Contract"), so Plaintiff's president, Surajit Sengupta, contacted Defendants to acquire both contracts from Meta. *Id.* at p. 2. On or about October 20, 2020, Meta and Plaintiff executed a Bill of Sale detailing the assignment and assumption of both contracts by Meta and Plaintiff, respectively. (ECF No. 72-2 Ex. 2). Mr. Sengupta executed the Bill of Sale on behalf of Plaintiff, and Defendant Goel executed the Bill of Sale individually and on behalf of Defendant Meta. Defendants Meta and Goel expressly warranted that both at signing of the Bill of Sale and its closings:

1. The CenturyTel Contract and the DiSys Contract were and would be "in full force and effect and . . . valid and enforceable in accordance with its terms";

2. The CenturyTel Contract and the DiSys Contract were and would be "assignable by [Defendant Meta to Plaintiff] without the consent of any other Person . . .";

3. No event has occurred or circumstance exists that (with or without notice or lapse of time) may contravene, conflict with or result in a breach of, or give Defendant Meta or any other person or entity the right to declare a default or exercise any remedy under, or to accelerate the maturity or performance of, or payment under, or to cancel, terminate or modify, any Contract that is being assigned to or assumed by Plaintiff pursuant to this Agreement; and

4. Defendant Meta has not given to or received from any other person or entity any notice or other communication (whether oral or written) regarding any actual, alleged, possible or potential violation or breach of, or default under, any Contract which is being assigned to or assumed by Plaintiff.

(ECF No. 54-1, Ex. 1 at p. 2). The Bill of Sale also provided that Defendant Meta and its shareholders would be held "jointly and severally" liable to Plaintiff for damages arising out of any breach of the Bill of Sale committed by Defendant Meta. *See* (ECF No. 54-2, at p. 5, § 6.b). Meta and Plaintiff further entered into an Escrow Agreement on or about that same day, which designated an escrow agent to hold the purchase price to be distributed in two installments: once when the conditions to closing of the CenturyTel Contract were satisfied and once when the conditions to closing of the DiSys Contract were satisfied. (ECF No. 72-2 at p. 2).

The CenturyTel Contract purportedly closed on December 17, 2020. *Id.* Accordingly, Plaintiff instructed the escrow agent "to disburse to Meta the portion of the purchase price allocated to the CenturyTel Contract . . . ." *Id.* at p. 3. But unbeknownst to Plaintiff at that time, CenturyTel had already terminated the CenturyTel Contract because Meta breached the CenturyTel Contract. *Id.* Thus, Meta had no valid contract or rights to assign to Plaintiff at the time Plaintiff instructed the escrow agent to disburse the purchase price for the CenturyTel Contract. *Id.* Plaintiff learned of this in January 2021 when CenturyTel informed Plaintiff that Plaintiff would not be a tier 1 vendor. *Id.*[3]

### B. Procedural History

The procedural history of this case is fully explained in this Court's January 20, 2023 Memorandum Opinion granting in part and denying in part Plaintiff's prior Motion for Summary Judgment Against all Defendants. (ECF No. 60). To summarize, Judge Russell entered an Order Granting Judgment by Default Against all Defendants on June 17, 2021, because Defendants failed

---

[3] The portion of the transaction regarding the DiSys Contract never closed and therefore the funds allocated to escrow for the DiSys closing were never disbursed to Defendants. Although Meta "refused for many months . . . to authorize the Escrow Agent to return the DiSys Purchase Funds" to Plaintiff, those funds were eventually returned to Plaintiff and thus the issues before the Court are limited to those involving the CenturyTel Contract. (ECF No. 72-2 at p. 3).

to timely file an answer to Plaintiff's complaint. (ECF No. 18). Default judgment was subsequently entered against all Defendants in the amount of One Hundred Fifty-Three Thousand Sixty-Seven Dollars and Fifty Cents ($153,067.50), plus costs of that action. *Id.* Judge Russell vacated the default judgment against Defendants on September 21, 2021, though, before referring this case to the undersigned for all further proceedings on October 19, 2021. (ECF Nos. 26, 31).

Plaintiff then filed a Motion for Summary Judgment Against all Defendants on October 24, 2022. (ECF No. 52). Defendants failed to respond to that motion. In the Court's resulting Memorandum Opinion dated January 20, 2023, the Court granted summary judgment regarding Count I as to Defendant Goel but denied summary judgment as to Defendant Prakash and denied as moot as to Defendant Meta. (ECF No. 61). The Court denied summary judgment as to Defendant Prakash because Plaintiff did not present evidence that Defendant Prakash was a shareholder of Meta and therefore contractually obligated to Plaintiff regarding Count I. (ECF No. 60 at p. 11; ECF No. 54-2, at p. 5, § 6.b). Additionally, the Court denied summary judgment on Count IV as to Defendant Goel because Plaintiff "offered no evidence regarding any actions by Defendant Goel which demonstrate the requisite intent to deceive" necessary to support summary judgment for intentional misrepresentation through concealment. (ECF No. 60 at p. 12). This Court also entered default judgment against Defendant Meta on Counts I (breach of the Bill of Sale), IV (fraud by concealment) and V (fraud by misrepresentation) in the amount of Ninety-Nine Thousand Four Hundred Dollars ($99,400), plus the costs of that action. (ECF No. 61). Counts II and VI were mooted during the litigation and Count III has been partially mooted because denying summary judgment regarding Count I as to Defendant Prakash still renders Defendant Prakash's liability for unjust enrichment a possibility. (ECF No. 72-2 at p. 4). Therefore, after the Court's January 20, 2023 Memorandum Opinion, the remaining claims in this action regard Counts

I and III as to Defendant Prakash, Count IV as to Defendants Prakash and Goel, and Count V as to Defendants Prakash and Goel.[4]

The Court instructed both parties on March 27, 2023, via letter order to provide the Court position letters indicating their understanding of the status of the case by March 31, 2023. (ECF No. 66). In that letter order, the Court noted that "Defendants have frustrated the progression of this case through their lack of participation" because Defendants, up to that point, had failed to timely file their answer to the original complaint, failed to respond to the above-mentioned motion for summary judgment, and failed to answer various discovery requests. *Id.* at p. 2. Only Plaintiff timely followed the Court's directive. Plaintiff then filed a Motion to Compel on April 10, 2023, to require Defendants to answer outstanding written discovery inquiries and attend depositions since Defendants continuously refused to respond to Plaintiff's discovery requests and blatantly ignored this Court's directive. (ECF No. 70). Defendants yet again failed to respond, and the Motion to Compel went unopposed. Accordingly, this Court granted the Motion to Compel on April 24, 2023, and expressly warned that "failure to respond to discovery requests or appear for depositions . . . may result in sanctions, *which may include certain facts being deemed admitted for purposes of forthcoming motions for summary judgment*." (ECF No. 71) (emphasis added).[5]

---

[4] Plaintiff states in his Motion that he will withdraw Count V if the Court concludes that summary judgment is appropriate with regards to Count I against Defendant Prakash and Count IV against Defendants Prakash and Goel as requested. (ECF No. 72-2 at p. 4). As the Court will grant summary judgment in both regards for the reasons that follow, Plaintiff will be directed in an accompanying order to voluntarily dismiss Count V of the Complaint as moot, thereby resolving all remaining issues in this case.

[5] Similarly, this Court deemed numerous facts as admitted by Defendants due to Defendants' failure to respond to Plaintiff's prior Requests for Admission. (ECF No. 60 at pp. 6–7; ECF No. 72-2 at pp. 11–12); *see also* Fed. R. Civ. P. 36(a)(3) (noting that when a party serves on an opposing party Requests for Admission, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney").

Defendants yet again failed to respond to Plaintiff's discovery requests and Plaintiff now asks this Court to intervene. Specifically, Plaintiff filed a Motion for Discovery Sanctions and Partial Summary Judgment seeking (1) to have certain facts deemed admitted as a sanction on Defendants for their failure to comply with this Court's letter order, (2) to obtain summary judgment on the remaining active Counts given those admissions, and (3) punitive damages. *See generally* (ECF No. 72). In other words, Plaintiff seeks the very sanctions that this Court warned Defendants of for their continuous failure to participate in the case *sub judice*. Defendants have again failed to respond to the Motion, making the Motion unopposed.

II.     **Standard of Review**

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can make such a showing by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Therefore, if there are factual issues "that properly can be resolved only by a finder of fact because [those issues] may reasonably be resolved in favor of either party[,]" then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

"When ruling on a motion for summary judgment, the [C]ourt must construe the facts alleged in the light most favorable to the party opposing the motion." *U.S. ex rel. James Commc'n, Inc. v. LACO Elec., Inc.*, No. DKC 14-0946, 2015 WL 1460131, at *2 (D. Md. Mar. 27, 2015)

(citing *Scott v. Harris*, 550 U.S. 372, 377 (2007); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008)). A party bearing the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.*

"Where, as here, the nonmoving party fails to respond, the [C]ourt may not automatically grant the requested relief." *LACO Elec. Inc.*, 2015 WL 1460131 at *2 (citing Fed. R. Civ. P. 56(e)(2)). Rather, the Court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

### III.  DISCUSSION

#### A. Plaintiff's Motion for Discovery Sanctions

Federal Rule of Civil Procedure 37(b)(2)(A)(i) provides that

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[, including] directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims.

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). Courts must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.* "Courts in the Fourth Circuit generally impose dispositive sanctions only after providing a 'clear and explicit' warning of the possibility of such a sanction to the noncompliant party." *Talley v. SanDow Const., Inc.*, No. CV TJS-21-1330, 2022 WL 622309, at *1 (D. Md. Mar. 2, 2022) (quoting *DeLoatch v. Baywood Hotels, Inc.*,

No. JKB-18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020)). Moreover, Federal Rule of Civil Procedure 56(e) states:

> If a party fails to properly support an assertion of fact *or fails to properly address another party's assertion of fact* as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; *or* (4) issue any other appropriate order.

(emphasis added). In the specific context of summary judgment, "The non-movant's failure to respond does not permit the Court to enter a 'default' summary judgment, but the Court is allowed to accept the evidence presented by the movant as undisputed." *McIver v. United States*, 650 F. Supp. 2d 587, 590 (N.D. Tex. 2009); *see also Carter v. Tangipahoa Parish*, No. CIV.A. 12-1919, 2013 WL 3364386, at *2 (E.D. La. July 3, 2013) (noting same).

With the above rules in mind, the Court deems Plaintiff's factual assertions in his Motion, supported by evidence in the form of various affidavits and exhibits attached thereto, as admitted by Defendants. This Court ordered Defendants to respond to Plaintiff's discovery requests, yet Defendants ignored that order. As Plaintiff explains in their Motion, these requests were crucial to the remaining Counts after this Court's prior ruling and sought information that addressed material facts related to those counts. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 708–09 (1982) (affirming admission of facts at issue as sanction where moving party's discovery requests related to a "critical issue" in the case).

Sanctioning Defendants through these admissions is also appropriate under the factors discussed in *Anderson*. Failure to comply with the Court's prior order regarding discovery demonstrates bad faith prejudicing Plaintiff. *See Talley*, 2022 WL 622309 at *2 (holding that failure to respond to the Court's order amounted to bad faith and that the non-moving party's failure to respond to "discovery requests concern[ing] material facts at issue" prejudiced the

moving party).  Moreover, the Court sees great need to deter future litigants from completely and utterly disregarding this Court's orders while simultaneously failing to respond to repeated discovery requests and dispositive pleadings.  Finally, less drastic actions would be ineffective as evidenced by the fact that Defendants have continuously refused to participate in this case despite already being the subject of default judgments and prior orders compelling compliance.  *See Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336, 1345–46 (Fed. Cir. 2013) (finding no abuse of discretion where district court deemed material facts admitted "in light of the failure of its earlier sanctions to secure compliance"); *Fox v. Studebaker-Worthington, Inc*. 516 F.2d 989, 995 (8th Cir. 1975) (acknowledging that deeming facts admitted as a Rule 37 sanction is appropriate "where there has been a complete or nearly total failure of discovery").

These admissions are also in line with Rule 56(e) given Defendants' failure to properly address Plaintiff's assertions in the pending Motion.  Further, this Court provided a "clear and explicit" warning to Defendants that their failure to meaningfully participate in this case could lead to this exact outcome.  *DeLoatch*, 2020 WL 7230758 at *2; (ECF No. 71); *see also Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 101–04 (D.N.J. 2006) (finding that "the repeated nature of [defendants'] conduct and flagrant disregard of the adversary and the Magistrate Judge's Orders warrant[ed] strong sanctions" in the form of Rule 37(b)(2)(A) admissions).  Accordingly, the Court GRANTS Plaintiff's Motion for Discovery Sanctions and deems the following facts admitted for the purposes of this action:

1. Defendant Prakash was, at all times relevant to this action, a shareholder and an authorized officer of Meta.

2. Defendant Prakash, when speaking to Mr. Sengupta, was speaking on behalf of himself, Defendant Goel, and Meta.

3. On or about December 17, 2020, CenturyTel terminated the CenturyTel Contract due to a breach of the CenturyTel Contract by Meta.

4. All Defendants knew that CenturyTel had terminated the CenturyTel Contract when it did so.

5. All Defendants knew that Plaintiff did not know that CenturyTel had terminated the CenturyTel Contract.

6. All Defendants knowingly, intentionally, willfully, and with malice aforethought, failed to notify Plaintiff that CenturyTel had terminated the CenturyTel Contract.

7. In failing to disclose the termination of the CenturyTel Contract, all Defendants intended to injure Plaintiff by deceiving Plaintiff into authorizing the escrow agent to disburse the CenturyTel purchase price to Defendants.

8. Plaintiff reasonably relied to its detriment on the concealment by the Defendants when it authorized the disbursement of the CenturyTel purchase price.

9. As a direct and proximate result of the fraudulent concealment by Defendants, Plaintiff suffered damages in the amount of $99,400, plus attorneys' fees.

10. The Defendants' knowing, intentional, willful, and malicious conduct injured Plaintiff.

### B. Plaintiff's Motion for Partial Summary Judgment

#### 1. Count 1: Breach of Contract (Bill of Sale) Against Defendant Prakash

Next the Court considers whether, in light of the above admissions, there still exists a genuine dispute of material fact precluding the entry of summary judgment regarding Plaintiff's remaining Count I claim against Defendant Prakash. The Court finds that summary judgment is appropriate in favor of Plaintiff on this issue. As noted above, the Court stated in its January 20, 2023 Memorandum Opinion that the "Bill of Sale provided that Defendant Meta *and its shareholders* would be 'jointly and severally liable' to Plaintiff for damages arising out of any breach of the Bill of Sale committed by Defendant Meta." (ECF No. 60 at pp. 4–5) (emphasis added). The Court then went on to hold that the Bill of Sale had, in fact, been breached because "the four express warranties delineated above were not true at closing." *Id.* at p. 11. Given the above admission that Defendant Prakash was a shareholder at the time of this breach, the Court

now has no issue in concluding that Defendant Prakash is also jointly and severally liable for breaching the Bill of Sale pursuant to its own terms. (ECF No. 54-2, at p. 5, § 6.b). Thus, Plaintiff's Motion for Partial Summary Judgment is GRANTED to the extent that Defendant Prakash is jointly and severally liable for Count I. Accordingly, Count III is mooted.

### 2. Count IV: Fraud (Intentional Misrepresentation – Concealment) Against Defendants Prakash and Goel

Plaintiff is also entitled to summary judgment against Defendants Prakash and Goel regarding Count IV. The tort of intentional misrepresentation by concealment in Maryland[6] consists of five elements:

(1) Defendant owed a duty to plaintiff to disclose a material fact;

(2) Defendant failed to disclose that fact;

(3) Defendant intended to defraud or deceive plaintiff;

(4) Justifiably relying on the concealment, plaintiff takes action; and

(5) Plaintiff suffers damages from defendant's concealment.

*Lubore v. RPM Assocs., Inc.*, 109 Md. App. 312, 328 (1996) (other citations omitted). At this juncture in Plaintiff's prior motion for summary judgment, the Court was hesitant to find that element three was met, noting a lack of evidence demonstrating the requisite intent to deceive. (ECF No. 60 at p. 12). This impediment no longer exists given the above admissions regarding Defendants' intent to deceive Plaintiff.

---

[6] As noted in the Court's previous opinion, "Federal courts sitting in diversity apply the conflict of law rules prevailing in the states in which they sit." *Havtech, LLC v. AAON Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022). Regarding tort claims under Maryland's choice of law rules, "the substantive tort law of the state where the wrong occurs governs." *Haunch v. Connor*, 295 Md. 120, 123 (1983). Accordingly, Maryland law governs Count IV because Plaintiff is a Maryland corporation that was located in Maryland when it relied on Defendants' representations in disbursing the CenturyTel Contract escrow funds.

Additionally, this Court previously rejected Plaintiff's argument that "[o]ne who conceals facts that materially qualify affirmative representations may be liable for fraud" was applicable because it was unclear to the Court whether Defendants provided Plaintiff with a "partial or fragmentary representation" before or during execution of the CenturyTel Contract. (ECF No. 60 at p. 13 n.14). However, the Court now has a fuller understanding of the circumstances surrounding the termination of the CenturyTel Contract and Defendants' subsequent attempt to assign their rights in a contract that no longer existed. The above admissions make clear that Defendants knew they had no rights in the CenturyTel Contract to assign at closing, knew that Plaintiff was unaware of this, and knowingly and intentionally concealed the terminated status of the CenturyTel Contract while still accepting the escrow funds to which they were not entitled to. "[C]oncealment may amount to fraud where it is effected by . . . conduct . . . which tends affirmatively to the suppression of the truth, or to a covering up or disguising of the truth" such that the tortious actor "failed to tell the whole story." *Lubore*, 109 Md. App. at 330. Defendants failed to tell the whole story—that Defendants had no rights in the CenturyTel Contract to assign due to Defendants' breach of the CenturyTel Contract and its resulting termination—when they purportedly closed on the CenturyTel Contract with all Defendants knowing as much and that doing so violated the express terms of the Bill of Sale. *See* (ECF No. 54-1, Ex. 1 at p. 2). The above Rule 37 and Rule 56 admissions likewise establish that Plaintiff suffered damages from justifiably relying on Defendants' concealment. Accordingly, Plaintiff's Partial Motion for Summary Judgment is GRANTED as to Count IV against Defendants Prakash and Goel.

### C. Plaintiff's Request for Punitive Damages

"In Maryland, punitive damages are not available in a pure action for breach of contract, even if the breach is malicious." *Giorgilli v. Goldstein*, No. SKG-13-2544, 2014 WL 794363, at

\*4 (D. Md. Feb. 26, 2014).  However, "punitive damages may [] be awarded in a breach of contract case if a 'tort arises out of the contractual relationship.'"  *Id.* (citing *Am. Laundry Mach. Indus. v. Horan*, 45 Md. App. 97, 112 (1980)).  And "in the context of awarding punitive damages, a tort will be deemed to arise out of a contractual relationship if, '[i]n one form or another, the tort arose directly from performance or breach of the contract.'"  *Horan*, 45 Md. App. at 112 (citing *Gen. Motors Corp. v. Piskor*, 281 Md. 627, 637 (1977)).  Further, "where a tort does, in fact, arise out of the contractual relationship, actual malice is required" for punitive damages to be appropriate.  *Giorgilli*, 2014 WL 794363 at \*4.

Plaintiff is entitled to punitive damages.  This Court previously entered default judgment against Defendant Meta on Counts IV and V.  (ECF Nos. 60, 61).  As explained immediately above, the Court has now granted summary judgment against Defendants Prakash and Goel as to Count IV.  Counts IV and V of Plaintiff's Complaint asserted causes of action for the torts of fraudulent, intentional misrepresentation, which necessarily arose out of the contractual relationship between Plaintiff and Meta in executing the purported assignment of the CenturyTel and DiSys Contracts.  Moreover, the above-granted discovery sanction admissions establish that Defendants Meta, Prakash and Goel acted knowingly, intentionally, willfully, and/or maliciously in breaching the contract and giving rise to those torts.  *See Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 454 (1992) ("[P]unitive damages are awarded in an attempt to punish a defendant whose conduct is characterized by evil motive, intent to injure, or fraud, and to warn others contemplating similar conduct of the serious risk of monetary liability.").

Regarding the specific amount of punitive damages, Plaintiff requests an award of Two Hundred Thousand Dollars ($200,000).  This Court has the authority to enter an award of punitive damages where "Plaintiff has shown by clear and convincing evidence that [the defendant(s)] acted

with actual malice in connection with his claims for breach of contract . . . and fraudulent misrepresentation*.*" *Quan v. TAB GHA F&B, Inc.*, No. CV TDC-18-3397, 2021 WL 4129115, at *4 (D. Md. Sept. 10, 2021), *report and recommendation adopted*, No. CV TDC-18-3397, 2021 WL 6881288 (D. Md. Nov. 9, 2021).  A punitive damages award is appropriate where it "bears a reasonable relationship to the amount of compensatory damages and is sufficient to satisfy the policy goals underlying punitive damages awards." *Id.* (citing *Gallman v. Sovereign Equity Grp., Inc.*, No. AW-11-2750, 2012 WL 1820556, at *7 (D. Md. May 15, 2012)); *cf. Mahoney v. iProcess Online, Inc.*, No. CV JKB-22-0127, 2023 WL 4457438, at *4 (D. Md. July 10, 2023) (collecting cases to find that "In default judgment cases involving fraud, the punitive damages in this District appear to generally range from approximately half to double the compensatory damages award").

The Court will award Plaintiff Two Hundred Thousand Dollars ($200,000) in punitive damages as requested.  In line with the above standards, Plaintiff has proven through the above admissions that Defendants acted with actual malice in connection with their breach of contract and fraudulent misrepresentations without the need for a hearing on the matter (which, based on their prior conduct, the Court has doubts regarding Defendants' attendance).  *See Jones-Eiland v. Jones*, No. CV JKB-20-3333, 2021 WL 3115924, at *2 (D. Md. July 22, 2021) ("[A] court may award damages without a hearing if the record supports the damages requested."); *see also Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1153, 1182 (D.N.M. 2021) ("A damages hearing may not be required before entering a punitive damages award, however, when the court is familiar with the defendant's conduct and otherwise has sufficient information with which to make a reasonable determination.").  Moreover, a punitive damages award of approximately double the awarded compensatory damages is in line with this District's prior awards while furthering the policy goals underlying the award—to discourage fraudulent conduct and dilatory, evasive

behavior by litigants. Accordingly, Plaintiff is entitled to Two Hundred Thousand Dollars ($200,000) in punitive damages in addition to compensatory damages.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Discovery Sanctions is GRANTED. Plaintiff's Motion for Partial Summary Judgment is also GRANTED as to Count I against Defendant Prakash and GRANTED as to Count IV against Defendants Prakash and Goel. In addition to the compensatory damages previously determined, a right to recover punitive damages against all Defendants has also been established in the amount of Two Hundred Thousand Dollars ($200,000). A separate order follows.

Date: <u>September 1 , 2023</u>                          /s/                    
                                                   J. Mark Coulson
                                                   United States Magistrate Judge