**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| nTECH SOLUTIONS, INC. | * | |
| T/A nTECH WORKFORCE, | * | |
| | * | |
| *Plaintiff*, | * | |
| | | |
| v. | * | Civil Case No: 1:21-cv-00673-JMC |
| | | |
| META DIMENSIONS, INC., ET AL, | | |
| | * | |
| *Defendants.* | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

Plaintiff, nTech Solutions, Inc., filed this breach of contract action on March 17, 2021, against Amit Prakash, Shilpi Goel, and Meta Dimensions, Inc. (collectively "Defendants"). (ECF No. 1). Plaintiff's Complaint contained six counts: (1) Breach of Contract (the Bill of Sale) against all Defendants, (2) Breach of Contract (the Escrow Agreement) against Defendant Meta and an escrow agent, (3) Unjust Enrichment (in the alternative) against all Defendants, (4) Fraud (Intentional Misrepresentation – Concealment) against all Defendants, (5) Fraud (Intentional Misrepresentation) against all Defendants, and (6) Declaratory Judgment against Defendant Meta and an escrow agent. (ECF No. 1 at pp. 7–16).[1] On October 19, 2021, District Court Judge Russell referred this case to the undersigned for all further proceedings. (ECF No. 31). Presently before the Court is Plaintiff's Renewed Motion for Attorneys' Fees (the "Motion"). (ECF Nos. 76, 77). Defendants have failed to respond to the Motion and it is therefore unopposed. *See* Loc. R. 105.2

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

(D. Md. 2023).  The Court finds that no hearing is necessary.  Loc. R. 105.6 (D. Md. 2023).  For the reasons explained below, Plaintiff's Motion is **GRANTED**.

## I.      BACKGROUND

The facts giving rise to the underlying breach of contract are documented in the Court's previous Memorandum Opinion.  *See generally nTech Sols., Inc. v. Meta Dimensions, Inc.*, No. 1:21-CV-00673-JMC, 2023 WL 5671619 (D. Md. Sept. 1, 2023).  In short, this case arises from Defendants' breach of a Bill of Sale executed between the parties under which Defendants agreed to sell—and accepted payment for—a customer contract that Defendants in actuality had no rights to assign.  For purposes of this Motion, the Court finds it more appropriate to outline the procedural history of the case *sub judice*.

Plaintiff filed its underlying Complaint on March 17, 2021.  (ECF No. 76 at p. 1).  Plaintiff then moved for default judgment on May 27, 2021, after Defendants failed to respond to the Complaint, which was granted on June 17, 2021.  *See* (ECF Nos. 12, 13, 17, 18).  Defendants moved to vacate the default judgment on June 29, 2021, which was granted on September 21, 2021, before Defendants filed their response to the Complaint on October 12, 2021.  *See* (ECF Nos. 20, 26, 27).  After Defendants' failure to respond to several discovery requests, Plaintiff moved for summary judgment against all Defendants on Counts I and IV, or, in the alternative, against Defendant Meta on Counts I, IV, and V.  (ECF Nos. 52, 53).  In its ensuing Memorandum Opinion, the Court granted summary judgment against Defendant Goel and denied summary judgment against Defendant Prakash as to Count I; denied summary judgment against all Defendants as to Count IV; and entered default judgment against Defendant Meta on Counts I, IV, and V.  (ECF No. 62).

Plaintiff moved for an award of attorneys' fees on October 24, 2022.  (ECF Nos. 63, 64, 65).  The Court via Order denied Plaintiff's motion without prejudice on April 7, 2023, as to Plaintiff's ability to refile its motion following the conclusion of liability and damages on all outstanding claims.  (ECF No. 69).  The Order also set forth deadlines by which Defendants were to comply with their outstanding discovery deficiencies, which Defendants failed to abide by resulting in Plaintiff moving for discovery sanctions and summary judgment on the remaining counts of the Complaint on May 6, 2023.  *Id.*; (ECF No. 72).  Noting Defendants' lack of opposition to the second motion for summary judgment and ongoing neglect to participate in this case, the Court granted Plaintiff's second motion for summary judgment and entered final judgment against all Defendants on September 1, 2023, as to all remaining claims except Count III, which the Court deemed moot, and Count V, which Plaintiff voluntarily dismissed.  *See* (ECF Nos. 73, 74, 75, 78, 79).  Plaintiff now renews its Motion for Attorneys' Fees in accordance with the Court's April 7, 2023, Order.  (ECF Nos. 76, 77).

## II.   DISCUSSION

"Maryland follows the common law 'American Rule,' which states that, generally, a prevailing party is not awarded attorney's fees."  *Hearn Insulation and Improvement Co. v. Bonilla*, No. 09-CV-00990-AW, 2011 WL 220091, at *1 (D. Md. Jan. 21, 2011), *aff'd*, 456 F. App'x 311 (4th Cir. 2011).[2]  However, "Courts make exceptions where 'the parties to a contract

---

[2] "In a diversity action such as this, a party's right to recover attorneys' fees is ordinarily governed by state law." *Roger E. Herst Revocable Tr. v. Blinds to Go (U.S.), Inc.*, No. CIV.A. ELH-10-3226, 2011 WL 6444980, at *1 (D. Md. Dec. 20, 2011) (first citing *Ranger Const. Co. v. Prince William Cnty. Sch. Bd.*, 605 F.2d 1298, 1301 (4th Cir. 1979), then citing *Rohn Prods. Int'l, LC v. Sofitel Capital Corp.*, No. WDQ-06-504, 2010 WL 3943747, at *4 n.13 (D. Md. Oct. 7, 2010)); *see also Berkley Trace, LLC v. Food Lion, LLC*, No. CIV.A. RDB-11-03207, 2013 WL 5718867, at *3 (D. Md. Oct. 18, 2013) ("As this Court has previously held, in a diversity case, absent a conflicting applicable federal rule of procedure, Maryland law governs a party's right to recover attorneys' fees.").  This case is based in diversity, and the Court finds that there is no conflicting applicable federal rule of procedure.  *See* (ECF No. 1 at p. 3); Loc. R. 109.2 (D. Md. 2023).

have an agreement' that authorizes recovery of attorney fees." *Id.* (quoting *Nova Rsch, Inc. v. Penske Truck Leasing Co., L.P.*, 405 Md. 435, 445 (Md. 2008)); *see also Herst*, 2011 WL 6444980 at *2 ("Contract provisions providing for awards of attorney's fees to the prevailing party in litigation under the contract generally are valid and enforceable in Maryland."); *Myers v. Kayhoe*, 391 Md. 188, 208 (2006) ("Under the trial court's disposition of the case, appellants were the prevailing parties in the litigation under the contract, and were therefore entitled [] to recover their legal expenses, to the extent the fees charged were reasonable."). Pursuant to the Bill of Sale between the parties in this case,

> Seller [Defendants] and each shareholder of Seller, jointly and severally, will indemnify and hold harmless Buyer [Plaintiff], and its representatives, shareholders, subsidiaries, affiliates and related persons (collectively, the 'Buyer Indemnified Persons'), and will reimburse the Buyer Indemnified Persons for any loss, liability, claim, damage, expense (including costs of investigation and defense and *reasonable attorneys' fees and expenses*) or diminution of value, whether or not involving a third-party claim (collectively, 'Damages'), arising from or in connection with: (i) any breach of any representation or warranty made by Seller in (i) this Agreement, or (ii) any other agreement or document delivered by Seller or its shareholders pursuant to this Agreement; [or] (ii) any breach of any covenant or obligation of Seller or its shareholders in this Agreement or in any other certificate, document, writing or instrument delivered by Seller or either Shareholder pursuant to this Agreement . . . .

(ECF No. 1-1 at p. 6) (emphasis added). "The burden is on the party seeking recovery to provide the evidence necessary for the fact finder to evaluate the reasonableness of the fees." *Atl. Contracting & Material Co. v. Ulico Cas. Co.*, 380 Md. 285, 316 (2004).

Judge Hollander of this Court aptly summarized the process by which this Court analyzes such motions for attorneys' fees in *Herst*:

> Maryland courts ordinarily utilize the 'lodestar' approach when determining attorneys' fees under fee-shifting statutes. However, [Maryland's highest court] has held that the lodestar approach is an inappropriate mechanism for calculating fee awards under contractual fee-shifting provisions in disputes between private

parties over breaches of contract. This is because a contractual fee-shifting provision is designed by the parties, not the legislature . . . Thus, it usually serves no larger public purpose than the interests of the parties. Rather than using the lodestar approach, a court should use the factors set forth in Rule 1.5 [of the Maryland Rules of Professional Conduct ('MRPC')] as the foundation for analysis of what constitutes a reasonable fee when the court awards fees based on a contract entered by the parties authorizing an award of fees.

2011 WL 6444980 at *2 (internal quotations and citations omitted); *see also Monmouth Meadows Homeowners Ass'n v. Hamilton*, 416 Md. 325, 336–37 (2010) ("Courts should use the factors set forth in *Rule 1.5* as the foundation for analysis of what constitutes a reasonable fee when the court awards fees based on a contract entered by the parties authorizing an award of fees.") (emphasis in original).[3] Subsequently codified by Maryland Rule 19-301.5, the MRPC set forth the following factors for the Court to consider in determining the reasonableness of a fee:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney;

3. The fee customarily charged in the locality for similar legal services;

4. The amount involved and the results obtained;

5. The time limitations imposed by the client or by the circumstances;

6. The nature and length of the professional relationship with the client;

7. The experience, reputation, and ability of the attorney or attorneys performing the services; and

8. Whether the fee is fixed or contingent.

---

[3] "As with most attorney ethical rules governing the practice of law, the Maryland rules of Professional Conduct govern the practice of law in this court." *Dickman v. Banner Life Ins. Co.*, No. CV GLR-17-2026, 2023 WL 2433933, at *5 n.5 (D. Md. Mar. 9, 2023); *see also* Loc. R. 704 (D. Md. 2023) ("This Court shall apply the Rules of Professional Conduct as they have been adopted by the Supreme Court of Maryland.").

Md. Rule 19-301.5(a).   "Courts need only use these factors to provide guidance as to what constitutes a reasonable fee award, and 'do[] not need to evaluate each factor separately.'"   *PNC Bank, N.A. v. Davis*, 631 F. Supp. 3d 253, 282 (D. Md. 2022) (quoting *SunTrust Bank v. Goldman*, 201 Md. App. 390 (2011)); *see also Nautical Girl LLC v. Polaris Investments Ltd.*, No. ELH-10-3564, 2011 WL 6411082, at *2 n.5 (D. Md. Dec. 19, 2011) ("Indeed, a court need not make explicit findings with respect to Rule 1.5 at all, or even mention Rule 1.5 as long as it utilizes the rule as its guiding principle in determining reasonableness.") (quotation omitted).   "The court must then weigh the fees requested by the result achieved and decide whether an upward or downward adjustment in the award is warranted.   If the court determines that the [party] has obtained excellent results, his attorney should recover the full fee, which would normally encompass all hours reasonably expended on the case."   *PNC Bank, N.A.*, 631 F. Supp. 3d at 282.

Plaintiff submits that $72,315.77 constitutes a reasonable fee award in this case.   (ECF No. 76 at p. 3; ECF No. 77 at p. 12).   The Court previously required Plaintiff to submit unredacted copies of several invoices because the Court could not discern from the redacted entries whether such fees were reasonable.   *See* (ECF No. 80); *PNC Bank, N.A.*, 631 F. Supp. 3d at 282–83; *People for Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Md.*, No. 1:17-CV-02148-PX, 2022 WL 622312, at *2 (D. Md. Mar. 2, 2022); *cf., e.g.*, *Produce Pay, Inc. v. Amore Produce, LLC*, No. 7:20-CV-00293, 2021 WL 5155715, at *5 (S.D. Tex. July 21, 2021); *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002).   Plaintiff submitted such unredacted copies of the invoices on October 6, 2023, via hand delivery for the Court to conduct an in camera review.   Having reviewed the records provided with Plaintiff's Motion and the unredacted documents presented to the Court in response to its October 6, 2023, Order, the Court finds that $72,315.77 constitutes a reasonable award of attorneys' fees.   *See Maxima Corp. v. 6933 Arlington*

*Dev. Ltd. P'ship*, 100 Md. App. 441, 452 (1994) ("[T]he question of attorneys' fees is a factual matter which lies within the sound discretion of the trial judge and will not be overturned unless clearly erroneous.") (citation omitted).

The Court finds factors one, three, four, and seven most impactful.  Regarding the time and labor required, the Court notes that Plaintiff's Counsel was forced to expend many hours in response to Defendants' dilatory conduct.  For instance, Plaintiff's first motion for summary judgment was denied in part because Defendants failed to provide overdue discovery responses, which then necessitated the filing of an otherwise unnecessary motion for discovery sanctions. Regarding factors three and seven, this Court regularly relies on the Guidelines attached to the Court's Local Rules to determine whether the attorneys' fees charged constitute a reasonable rate within the locality.  *See Gonzalez v. Caron*, No. CIV.A. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011) ("The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the 'Guidelines'), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland . . . While the guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges."); *Herst*, 2011 WL 6444980 at *5 ("Although the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges.").  Plaintiff indicates that four individuals primarily worked on this matter: attorney Michael J. Lentz, attorney Adanna Smith, attorney Brianna Pickhardt, and paralegal Dr. Eric Lapp, Ph.D.  (ECF No. 77 at p. 9).  Mr. Lentz was admitted to practice law in 1998 and billed at a rate of $400/hour, which is presumptively reasonable under the Guidelines.  (ECF No. 77 at p. 9); D. Md. Loc. R., App'x B.  Dr. Lapp has been a paralegal since 2013 and billed at a rate of $125/hour, which is also presumptively reasonable under the Guidelines.  (ECF No. 77 at p. 9); D. Md. Loc. R., App'x B.  Although Ms.

Smith and Ms. Pickhardt have been admitted to practice law for less than five years and billed at a rate of $250/hour—$25/hour above the presumptively reasonable rate for an attorney of like stature—Ms. Smith and Ms. Pickhardt performed significantly less work on this case than Mr. Lentz, whose rate is $75/hour cheaper than what is presumptively reasonable for an attorney of his experience.  (ECF No. 77 at p. 9); (ECF No. 77-2); D. Md. Loc. R., App'x B.  Defendants do not oppose that the above hourly rates are nevertheless reasonable.  *See MacDonald v. AutoFlex, Inc.*, No. 1312, Sept. term, 2021, 2023 WL 4068544, at *38 (Md. App. Ct. June 12, 2023) (affirming award of attorneys' fees in part because "The defendants have not questioned the reasonableness of the hourly billing rate").  Thus, the Court agrees with Plaintiff that the savings from Mr. Lentz's "rate far outweigh any cost resulting from the slightly higher associate rate[s]" of Ms. Smith and Ms. Pickhardt and finds that the fees charged by Plaintiff are in line with the fees customarily charged in the locality for similar legal services.

Regarding the amount involved and results obtained (factor four), Plaintiff's Complaint set forth six causes of action with an accompanying request for $99,600 in damages from the Defendants.  (ECF No. 77 at p. 7).  Plaintiff ultimately prevailed on four of those claims with the other claims being dismissed as moot given Plaintiff's success on the four claims.  *See* (ECF Nos. 60, 61, 73, 74, 79).  Between the initial demand of $99,600 that was awarded to Plaintiff, the disputed $42,600 in escrow funds that was released to Plaintiff during the course of this litigation, and the Court's award of $200,000 in punitive damages given Defendants' callous disregard for this case and evasive behavior, Plaintiff obtained a total recovery of $342,200.  The billing records provided by Plaintiff do not indicate that the $72,315.77 in attorneys' fees charges were unreasonably expended, duplicative, or otherwise unreasonable.  Rather, Plaintiff's billing records present clear itemizations of the legal fees and costs associated with Plaintiff's Counsels'

representation, including who was performing what tasks, how long those tasks were being performed, and the exact nature of those tasks throughout Plaintiff's representation. *See 4607, LLC v. 1788 Holdings, LLC*, No. 1513, Sept. term, 2021, 2023 WL 4445957, at *23 (Md. App. Ct. July 11, 2023) (affirming award of attorneys' fees that were supported by "documentation that provided for the hours, the attorneys, and the rates spent litigating" the case); *Long v. Burson*, 182 Md. App. 1, 27 (2008) (finding moving party failed to meet its burden of production with respect to its motion for attorneys' fees because the moving party did not provide sufficient information as to the "services performed, by whom they were performed, the time expended thereon, and the hourly rates charged") (citing *Maxima Corp.*, 100 Md. App. 441 at 453–54); *Pennington Partners, LLC v. J-Way Leasing, LLC*, No. CIV.A. RDB-11-0972, 2012 WL 527661, at *2 (D. Md. Dec. 17, 2012) (concluding attorneys' fees were reasonable "in light of the Rule 1.5 factors" where plaintiff provided bills detailing the work performed throughout the litigation); *see also MacDonald*, 2023 WL 4068544 at *38 ("When reviewing requests for attorneys' fees, trial courts should not proceed like a billing auditor rejecting fees whenever it regards a particular time entry to be insufficiently detailed.  Rather, the court may find the billing records to be adequate even if the description for each entry was not explicitly detailed . . . .") (cleaned up).

Moreover, an award of attorneys' fees in the amount of $72,315.77 represents roughly twenty-one percent of the amount involved and ultimately recovered, which is a ratio less than what this Court has previously determined is a permissible amount of attorneys' fees under Md. Rule 19-301.5(a).  *See Herst*, 2011 WL 6444980 at *12 (finding that the amount involved and results obtained favored the moving party where the moving party requested "Attorneys' fees of $91,922.76[, which] represent[ed] approximately 39% of the other damages awarded by the Court of $233,457.02" and "only about 28% of the total damages award, inclusive of attorneys' fees");

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation . . . .").  With the above analysis in mind and in light of Defendants' lack of opposition regarding whether any of the proffered hours, rates, or amounts set forth by Plaintiff in its Motion are unreasonable, the Court will award Plaintiff, as the prevailing party, attorneys' fees in the amount of $72,315.77.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for Attorneys' Fees (ECF Nos. 76, 77) is **GRANTED** in full.  Accordingly, it is hereby **ORDERED** that Defendants shall pay Plaintiff $72,315.77 in attorneys' fees.


Date: <u>October 13, 2023</u>                         <u>            /s/            </u>
                                                        J. Mark Coulson
                                                        United States Magistrate Judge