IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| nTECH SOLUTIONS, INC. T/A nTECH WORKFORCE, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:21-CV-00673-JMC |
| META DIMENSIONS, INC., ET AL, | * | |
| *Defendants*. | * | |
| | * | |

* * * * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff nTech Solutions, Inc. filed this breach of contract action on March 17, 2021, against Defendants Amit Prakash, Shilpi Goel, and Meta Dimensions, Inc. ("Defendant Meta"), alleging: (1) Breach of Contract (the Bill of Sale) against all Defendants, (2) Breach of Contract (the Escrow Agreement) against Defendant Meta and an escrow agent,[1] (3) Unjust Enrichment (in the alternative) against all Defendants, (4) Fraud (Intentional Misrepresentation – Concealment) against all Defendants, (5) Fraud (Intentional Misrepresentation) against all Defendants, and (6) Declaratory Judgment against Defendant Meta and an escrow agent. (ECF No. 1 at 7–16).[2] This case closed on October 13, 2023, following the Court's September 1, 2023 order entering final judgment against Defendants on all remaining claims, and the Court's October 13, 2023 judgment awarding attorneys' fees against Defendants in the amount of $72,315.77. (ECF Nos. 74, 82). Presently before the Court are two Motions filed separately by Defendant Shilpi Goel ("Defendant

---

[1] The escrow agent was a named party—Talati and Patel, PLLC—but a stipulation of dismissal removed this entity from the case on July 12, 2021. (ECF Nos. 23, 24).

[2] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

Goel") and Defendant Amit Prakash ("Defendant Prakash") seeking to vacate these judgments and reopen the case. (ECF Nos. 86, 87). The undersigned has considered the Motions, Plaintiff's Opposition thereto (ECF No. 90), and supplemental filings submitted by Plaintiff (ECF No. 93) and Defendant Goel (ECF No. 94). No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Defendants' Motions will be DENIED.

I.  BACKGROUND

The facts giving rise to the underlying breach of contract claim in this matter are documented in the Court's September 1, 2023, Memorandum Opinion, and need not be repeated here. (ECF No. 73). In brief, this case arises from Defendants' breach of a Bill of Sale executed between the parties under which Defendants agreed to sell—and accepted payment for—a customer contract that Defendants in actuality had no right to assign. For the purposes of addressing the presently pending Motions, the Court will outline the relevant procedural history of the case *sub judice*.

Judge Russell of this Court previously presided over this matter. On June 17, 2021, Judge Russell entered an Order Granting Judgment by Default Against Defendants Meta, Goel, and Prakash. (ECF No. 18). In granting the default judgment, Judge Russell determined that Plaintiff properly effected service upon all Defendants, and that all Defendants failed to timely file an answer. *Id.* at 1. Shortly thereafter, Defendants moved to vacate the default judgment on the grounds that they did not receive notice of the action, explaining that the complaint was improperly served upon 800 Corporate Drive in Stafford, Virginia, ("Virginia Address") which is "the address of Regus, a company through which Meta has maintained a virtual office since February 2017." (ECF No. 20 at 5). Per Defendants' filing, the complaint was erroneously forwarded to Defendants' former residential address in North Carolina, before eventually reaching their correct address, also

2

in North Carolina. *Id.* Judge Russell granted Defendants' motion to vacate the default judgment and reinstated all three Defendants. (ECF No. 26).

On October 19, 2021, District Court Judge Russell referred this case to the undersigned for all further proceedings. (ECF No. 31). The parties participated in a settlement conference before Judge Simms on April 4, 2022, which was unsuccessful. (ECF No. 42). On September 1, 2022, counsel for Defendants moved to withdraw from the case, explaining continued representation was not feasible "due to Defendants' non-communication and non-payment[.]" (ECF No. 46 at 1). Defendants' former counsel certified that the Virginia Address was the last known addresses of Defendants, and that written notice of his intent to withdraw was provided to Defendants by both U.S. mail and email. *Id.* at 3. The undersigned granted the motion to withdraw, directed the clerk to notify Defendants Goel and Prakash that they would be deemed to be proceeding without counsel until new counsel entered an appearance on their behalf, and ordered Defendant Meta to obtain new counsel by October 3, 2022, or face default judgment. (ECF No. 47).

As of October 24, 2022, Defendant Meta had not obtained new counsel or otherwise responded to the Court's Order, and Plaintiff moved for default judgment against Defendant Meta. (ECF Nos. 53, 57). Plaintiff also moved for summary judgment against all Defendants on the same day. (ECF No. 52). The Clerk's Office entered an Order of Default against Defendant Meta on November 16, 2022, and mailed a notice providing Defendant Meta with thirty (30) days to file a motion to vacate the Order of Default. (ECF No. 58).[3] Defendant Meta did not move to vacate the Order of Default, and Defendants did not respond to Plaintiff's Motion for Summary Judgment. On January 20, 2023, this Court granted Plaintiff's Motion for Default Judgment against Defendant

---

[3] The Notice was not returned as undeliverable.

3

Meta, granted summary judgment as to Count I against Defendant Goel, denied summary judgment as to Count I against Defendants Meta and Prakash, and denied summary judgment as to Count V against all Defendants. (ECF No. 61). On March 27, 2023, the undersigned issued a letter order requesting the parties submit position letters on the status of the case, specifically noting that "Defendants have frustrated the progression of this case through their lack of participation." (ECF No. 66 at 2). The Court further explained that "Defendants' failure to answer discovery requests enabled Defendant Prakash to avoid summary judgment on all relevant counts, and it allowed Defendant Goel to avoid summary judgment on Plaintiff's fraud claims." *Id.* Defendants did not provide a position letter to the Court, and their failure to respond to Plaintiff's discovery requests continued. This Court granted Plaintiff's Motion to Compel Discovery Responses and Deposition Appearances on March 10, 2023, and Plaintiff's Motion for Discovery Sanctions on September 1, 2023. (ECF Nos. 71, 74).

Plaintiff moved for summary judgment on the remaining counts on May 26, 2023. (ECF No. 72). Defendants did not file a response, and the undersigned granted summary judgment on Count I as to Defendant Prakash, granted summary judgment on Count IV as to Defendants Prakash and Goel, and dismissed the remaining Counts as moot. (ECF Nos. 74, 79). The Court further granted Plaintiff's request for punitive damages and ordered a judgment of Two Hundred Thousand Dollars ($200,000) be entered against all Defendants, jointly and severally. (ECF No. 74 at 2). On October 13, 2023, this Court entered an attorneys' fees award of Seventy-Two Thousand Three Hundred Fifteen Dollars and Seventy-Seven Cents ($72,315.77) against all Defendants. (ECF No. 82).

On September 6, 2024, Defendant Goel filed a letter addressed to the Court, contending that she never received notice of this action and requesting the opportunity to assert a defense.

4

(ECF No. 85). Upon reviewing the correspondence, the undersigned determined that it should be considered a motion to reopen the case under Federal Rule of Civil Procedure 60(b)(6). (ECF No. 86); *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (acknowledging the courts' obligation to "liberally construe the claims of *pro se* litigants"). Defendant Prakash subsequently filed a Motion to reopen the case and vacate the Court's judgments under Rules 60(b)(1), 60(b)(6), and 59 of the Federal Rules of Civil Procedure. (ECF No. 87). These Motions are presently pending before this Court.

## II.     LEGAL STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a party may obtain relief from a final judgment based on:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Lemon*, 2016 WL 3087451 at *2 (quoting same). To prevail, a party seeking relief from a final judgment must first demonstrate "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (quoting *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (internal footnotes and citations omitted). A Rule 60(b) motion must be made within a reasonable time, and "for reasons (1), (2), and (3), no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ.

P. 60(c)(1). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Id.* (citing *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). The decision to grant or deny a motion filed under Rule 60(b) is within the court's discretion. *Roberts v. Sires*, No. ELH 20-2791, 2024 WL 1485442, at *2 (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993)).

### III. ANALYSIS

As previously discussed, the Court considers Defendant Goel's filing to be a Rule 60(b)(6) motion. Defendant Prakash's Motion presents arguments under Rule 60(b)(1) and Rule 60(b)(6).[4] The Court will address each standard in turn.

#### a. There are no extraordinary circumstances to justify relief under Rule 60(b)(6).

Rule 60(b)(6) is "a catchall provision providing that the court may grant relief from a final judgment for 'any other reason that justifies relief.'" *Sec. & Exch. Comm'n v. Tsao*, 317 F.R.D. 31, 36 (D. Md. 2016), *aff'd*, 671 F. App'x 157 (4th Cir. 2016) (quoting Fed. R. Civ. P. 60(b)(6)). However, "[t]he Supreme Court . . . has limited the application of Rule 60(b)(6) to cases where 'such action is appropriate to accomplish justice,' and that 'involve[] extraordinary circumstances.'" *Justus*, 78 F.4th at 105-06 (first quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1994), then quoting *Dowell*, 993 F.3d at 48). "The exceptional circumstances requirement helps balance the 'sanctity of final judgments' with the court's responsibility to ensure justice is

---

[4] Defendant Prakash further argues that the judgments be altered or amended under Rule 59. (ECF No. 87 at 5). However, pursuant to Rule 59(e), a motion of this kind must be filed within 28 days of the entry of judgment. Defendant argues that this time limit be waived because "he did not have adequate counsel until after the time limit already passed." *Id.* The Court is not persuaded that a waiver is appropriate under these circumstances and will consider only arguments under Rule 60(b). *See Lemon*, 2016 WL 3087451 at *2 ("A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60[.]") (citation omitted).

done." *Tsao*, 317 F.R.D. at 36 (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 104 (4th Cir. 1979)).

Defendants Goel and Prakash primarily argue that their former attorney is to blame for their current situation, asserting that they never received notice of his withdrawal from the case, did not receive any court filings or orders following his withdrawal, and were not properly served with discovery requests by Plaintiff. (ECF Nos. 85, 87). According to both Defendants' Motions, this is due to documents being sent to their Virginia Address—which is precisely the same explanation Defendants put forth when they moved to vacate Judge Russell's default judgment in June 2021. (ECF No. 20). This argument is unavailing. The Court granted Defendants' former attorney's motion to withdraw on September 16, 2022. (ECF No. 47). Neither Defendant addresses the fact that their former attorney certified that notice of his withdrawal was provided to Defendants by both U.S. mail *and email*, or references any attempts to contact their former attorney during this two-year period. (ECF No. 46 at 3). Even taking Defendants' contention regarding lack of notice as true, the fact remains that both Defendants were undoubtedly aware of the litigation and took no steps to investigate its status for almost two years. This is particularly notable given Judge Russell's 2021 default judgment—Defendants should have been aware of the consequences of their inaction and known that their failure to maintain an accurate address with the Court could result in default. Notwithstanding that, they never updated an address with the Court. To warrant relief under Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Justus*, 78 F.4th at 110 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). Defendants are ultimately responsible for their failure to participate in the litigation, and their willful inaction simply does not meet the "extraordinary circumstances" standard necessary to justify relief under Rule 60(b). *See id.*

7

(explaining that if a party is even *partly* to blame for the delay, "relief must be sought within one year under subsection 1 and the party's neglect must be excusable.").

### b. Relief is not warranted under Rule 60(b)(1) because Defendant Prakash's conduct does not constitute excusable neglect.

Rule 60(b)(1) permits relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although these terms are often used interchangeably, the Fourth Circuit has provided guidance on their individual meanings. *Justus*, 78 F.4th at 108. A "mistake" occurs when "the judge has made a substantive mistake of law or fact in the final judgment or order," as well as when "a party has made an excusable litigation mistake." *Id.* (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)). "Neglect" includes "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Id.* (quoting *e.spire Commc'ns v. CNS Commc'ns*, 39 F. App'x 905, 912 n.7 (4th Cir. 2002) (citations omitted)). As discussed above, Defendant Prakash contends that he "had no feasible opportunity to defend himself because he was not made aware of any motion, judgment and order set against him, and [his former counsel] did not notify him of any legal filings." (ECF No. 87 at 7). Based on these representations it appears that Defendant Prakash advocates for relief under the "excusable neglect" theory.

Determining if neglect is "excusable" is as "'an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission' including 'danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 2002) (citation omitted)). "'The most important of the[se] factors . . . for determining whether "neglect" is "reasonable"' is the reason for the delay." *Id.* Here, the Court

finds that Defendant Prakash's conduct does not constitute excusable neglect under Rule 60(b)(1). Defendant Prakash was undoubtedly aware of this lawsuit but chose to ignore it for close to two years. This choice was certainly within his control. Further, Defendant Prakash took steps to vacate Judge Russell's default judgment in June 2021, indicating that he knew a judgment could be entered against him if he neglected to participate in the litigation process. Defendant Prakash's actions do not establish a basis for relief under Rule 60(b)(1). *See id.* (citations omitted) ("Inability to comply with a deadline takes a situation 'outside the scope of "excusable neglect" because "neglect" in the context of its subject matter carries the idea of negligence and not merely of non-action.'").

Additionally, the undersigned is concerned that reopening this matter would prejudice Plaintiff. As Plaintiff identifies in its Opposition, the dispute in this matter arose from a Bill of Sale executed by the parties in September 2020, almost four years ago. (ECF No. 90 at 9). It is entirely possible that witness memories may have faded, or that relevant documentary evidence may be lost. Further, Plaintiff has incurred substantial legal fees that are at least partially attributable to Defendants' conduct. (ECF No. 81) (noting "that Plaintiff's Counsel was forced to expend many hours in response to Defendants' dilatory conduct."). Reopening the case at this time would very likely prejudice Plaintiff, both in terms of financial costs and litigating the merits of the case. Accordingly, relief under Rule 60(b)(1) is not warranted.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Goel's Motion to reopen the case, (ECF No. 85), and Defendant Prakash's Motion to reopen the case, (ECF No. 87), are hereby DENIED.

Date: <u>November 15, 2024</u>                                    <u>          /s/          </u>
                                                                 J. Mark Coulson
                                                                 United States Magistrate Judge